So Ordered.

Dated: October 13, 2022



G. Michael Halfenger
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

    Kevin C Williams,                      Case No. 11-24658-gmh

                                                         Chapter 13

        Debtor.

Kevin C Williams,

                                                    Adv. Proc. No. 11-02527-gmh

        Plaintiff,

v.

City of Milwaukee City Clerk,

        Defendant.

**ORDER**

    The debtor-plaintiff Kevin Williams is a chapter 13 debtor in a case currently pending in this district in front of Judge Perhach. See Case No. 21-21511-kmp. He has

filed several previous cases in this district, including Case Number 11-24658. In that case, the debtor received a discharge on June 27, 2017, and on June 8, 2018, the court entered an order approving the trustee's final account, discharging the trustee, and closing the case. In connection with Case Number 11-24658, Kevin Williams also filed Adversary Proceeding Number 11-02527 against the City of Milwaukee and obtained a judgment against it. The adversary proceeding has been closed since March 1, 2017.

On September 30, 2022, the debtor-plaintiff filed a letter in Adversary Proceeding Number 11-02527. ECF No. 135. The letter asserts that the City of Milwaukee has not paid the judgment in the Adversary Proceeding "according to the Judge's orders". *Id*. at 1. The letter also questions how the chapter 13 trustee made payments to creditors in Case No. 11-24658-gmh and several other chapter 13 cases the debtor has filed in this district.

The debtor's letter is at times unclear and ultimately fails to request any relief. What relief might now be available to the debtor in an adversary proceeding closed in 2017 after entry of a money judgment is unknown. If the debtor contends that the City of Milwaukee has not paid the judgment entered in Adversary Proceeding Number 11-02527, then the debtor must avail himself of judgment collection processes. The entry of this court's judgment afforded him all of the relief to which he was entitled in this proceeding.

If the debtor is contesting the chapter 13 trustee's distribution of funds in Case Number 11-24658, that distribution was approved by the court in a June 8, 2018 order closing that case. That order was final and was not appealed. While Federal Rule of Civil Procedure 60(b), made applicable by Federal Rule of Bankruptcy Procedure 9024, affords a process by which one may request that a final order be vacated, modified, or amended, the time has long since passed for seeking relief from the June 8, 2018 order on most grounds. Rule 60(c)(1) states that a motion seeking to vacate, modify, or amend a final order must be filed "within a reasonable time" and for motions under Rule

60(b)(1), (2), and (3), "no more than a year after the entry of the judgment or order or the date of the proceeding."

Finally, to the extent that the debtor is contesting actions taken in his pending chapter 13 case, Case No. 21-21511-kmp, he must request relief in that case, not in an adversary proceeding closed in 2017 or the related chapter 13 case closed in 2018.

For all these reasons, the court will take no further action on the debtor's September 30 letter.

The Clerk of Court is instructed to lodge copies of this order in Case No. 11-24658 and Case No. 21-21511, for notice purposes, as well as filing it in this adversary proceeding.

#####